UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAULA GAMBOA | CIVIL ACTION |
| VERSUS | NO. 25-155 |
| BLUE OCEAN HOSPITALITY, LLC, ET AL. | SECTION L(5) |

## ORDER AND REASONS

The Court has before it Defendants Blue Ocean Hospitality, LLC and Blue Sky Hospitality Solutions LLC's (collectively, "Defendants") Motion for Summary Judgment. R. Doc. 23. Plaintiff Paula Gamboa opposes the Motion, R. Doc. 40, and Defendants have filed a reply memorandum in its support, R. Doc. 41. Having considered the briefing, in light of the applicable law and record facts, the Court will DENY the Motion.

### I.    BACKGROUND AND INSTANT MOTION

This dispute arises from injuries allegedly sustained by Plaintiff after a slip-and-fall accident. The parties agree that, on January 23, 2024, Plaintiff was visiting the Marriot Lakeway Hotel, which is managed by Defendants, with her employee, Stacey Necaise. R. Doc. 23-6, 40-3. While walking past the hotel's main elevator banks, Necaise's foot caught the edge of a large rug. *Id.* This caused the edge of the rug to lift from the floor. *Id.* Plaintiff tripped on the upturned edge of the rug and fell, landing on her knees and allegedly causing injury. *Id.* Plaintiff subsequently filed the instant suit, asserting her injuries were caused by Defendants' negligence and seeking damages. *See* R. Doc. 7. Defendants now ask this Court to enter summary judgment in their favor and dismiss Plaintiff's complaint, arguing Plaintiff cannot prove essential elements of her claims. R. Doc. 23.

1

## II.    APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). However, "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

## III.    DISCUSSION

Plaintiff's claims arise under Louisiana's Merchant Liability Statute, LSA-R.S. 9:2800.6. That statute provides, in pertinent part, that, "in a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the

claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6. Defendants argue that Plaintiff cannot prove any of these three essential elements of her claim. R. Doc. 23-1 at 4.

Defendants' arguments focus on the first prong of the inquiry; whether Plaintiff has shown that any condition existed that presented an unreasonable risk of harm. Defendants argue that the elevation of the rug on which Plaintiff tripped, only 9/16 of an inch, cannot constitute an unreasonably dangerous condition, citing to several cases in which other courts have held that small deviations in elevation are not unreasonably dangerous. *See* R. Doc. 41 at 1–2. However, those cases are distinguishable. As Plaintiff asserts, she has presented expert evidence showing that the rug in question had uneven, fraying edges and was situated atop a reflective, polished stone or marble floor. *See* R. Doc. 40-2 at 2–3. Under these circumstances, Plaintiff has created a genuine issue of material fact as to whether the rug's condition constituted an unreasonably dangerous condition.

Having so held,  the Court easily concludes that Plaintiff, at least at the summary judgment stage, can meet her burden to satisfy the other required elements of her cause of action. Defendant admits that the rug had been in situ where Plaintiff tripped for over ten years. *See* R. Doc. 41 at 3. Accordingly, it can be inferred that Defendant had knowledge of the allegedly

unreasonably dangerous condition and failed to use reasonable care in addressing it. Accordingly, Plaintiff's claims raise material factual disputes and require resolution by a jury.

## IV. CONCLUSION

Accordingly;

**IT IS ORDERED** that Defendants' Motion for Summary Judgment, R. Doc. 23, is **DENIED**.

New Orleans, Louisiana, this 5th day of February, 2026.

_____

United States District Judge